UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN THE MATTER OF THE                            MEMORANDUM
EXTRADITION OF MONIKA KAPOOR              AND ORDER
                                                                     11-M-456 (RML)

-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        The United States of America (the "government") moves for revocation of Monika Kapoor's bond and an order directing that she be remanded to custody for the time pending her extradition. For the reasons stated below, the government's motion is denied.

## BACKGROUND AND FACTS

        The court assumes familiarly with the facts of this action. Briefly, the government, acting on behalf of the government of India, filed a complaint on May 2, 2011, seeking an arrest warrant and the extradition of Monika Kapoor ("Kapoor"), pursuant to 18 U.S.C. § 3184, the federal legislation implementing extradition treaties.[1] The Honorable Joan M. Azrack, United States Magistrate Judge, issued an arrest warrant on May 2, 2011, and Kapoor was arrested and arraigned on May 6, 2011.

        On June 7, 2011, I granted Kapoor release from custody[2] on a $100,000 unsecured bond pending the resolution of these extradition proceedings.[3] On July 28, 2011, I held a hearing

---

[1] India's basic allegation is that Kapoor and her brothers, Rajan and Rajiv Khanna, defrauded the Indian government of approximately $679,000.

[2] Kapoor was actually released from custody on June 8, 2011.

[3] I found that Kapoor had "demonstrated a confluence of factors, including a lack of diplomatic necessity and anticipated lengthy proceedings and appeals, that collectively constitute special circumstances, undercut the presumption against bail, and weigh in favor of her release." (Memorandum and Order, dated June 7, 2011, at 9–10.) In addition, I held that "any risk of

(continued...)

regarding the requested extradition.  On April 17, 2012, I found that the government's proof met the limited threshold of probable cause for the charges against Kapoor and granted the government's request for a certificate of extraditability for Kapoor.  (See Memorandum and Order, dated Apr. 17, 2012.)  The government now seeks revocation of Kapoor's bond and her remand to federal custody.

## DISCUSSION

The government does not argue that Kapoor's bond should be revoked because she has violated the terms of her release; instead, it argues that "[t]he district court is precluded by federal statute from granting bail to a relator once she is certified as extraditable."  (Motion for Remand ("Mot. for Remand"), dated May 15, 2012, at 2.)  In other words, the government contends that the international extradition statute, 18 U.S.C. § 3184, "compels the court to commit a fugitive to custody during the post-certification stage of the extradition process."  (Id.)  On the other hand, Kapoor argues that the government's statutory argument "ignores the holding of Wright v. Henkel, 190 U.S. 40 (1903), that a common law right to bail exists outside of what is explicitly stated in the statute . . . , [and the] argument has been rejected, both directly and indirectly, by a number of district courts and courts of appeals, including the Second Circuit."  (Response in Opposition to Motion for Remand ("Opp'n Mem."), dated June 1, 2012, at 1.)

       A. The Statute

18 U.S.C. § 3184 provides in pertinent part that

> any magistrate judge authorized [to do] so . . . may, upon complaint
> made under oath . . . issue his warrant for the apprehension of the

---

    [3](...continued)
flight can be satisfactorily mitigated by the conditions of release . . . ."  (Id. at 10.)

-2-

> person so charged . . . to the end that the evidence of criminality may be heard and considered. . . . If, on such hearing, [the magistrate judge] deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, or under section 3181(b), he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

The government focuses on the final portion of the statute, specifically the "shall issue" and "there to remain" language, and contends that "the allowance for bail after a fugitive is certified would render this language mere surplusage." (Mot. for Remand at 2 (citing United States v. Menasche, 348 U.S. 528, 538–39 (1955); Duncan v. Walker, 533 U.S. 167, 174 (2001)).) However, "[s]ection 3184 is *silent* regarding the availability of bail in extradition cases; it neither provides for nor prohibits it." Garcia v. Benov, No. CV 08-07719, 2009 WL 6498194, at *5 n.23 (C.D. Cal. Apr. 13, 2009) (citing Zuber v. Allen, 396 U.S. 168, 185 (1969); Girouard v. United States, 328 U.S. 61, 69 (1946)). All of the cases that the government cites stand for general statutory interpretation principles; none apply these principles to § 3184. Moreover, the language in section 3184 may reflect "policy considerations that are inconsistent with granting bail as a matter of course. This is not the same thing, however, as a blanket prohibition on bail." Id.

    B. Wright v. Henkel

On the other hand, it is well-settled that "[b]ail is available in extradition cases, despite the lack of any statutory basis for it, as the Supreme Court in Wright v. Henkel commented that it was 'unwilling to hold that the Circuit Courts possess no power in respect of admitting to bail other than as specifically vested by statute[, or that, while bail should not

ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief]' . . . ." Duran v. United States, 36 F. Supp. 2d 622, 627–28 (S.D.N.Y. 1999) (quoting Wright v. Henkel, 190 U.S. 40, 63 (1903)). "Although the 'special circumstances" language in Wright is dictum, 'it constitutes the Supreme Court's only pronouncement on the topic of bail in extradition cases.'" In re Extradition of Garcia, 615 F. Supp. 2d 162, 169 (S.D.N.Y. 2009) (citations omitted).

In this case, the government acknowledges that Wright and its progeny "allow for the granting of bail during the pre-certification stage of an extradition proceeding[,]" but argues that the case has no applicability after certification. (See Mot. for Remand at 3.) In other words, it argues that Wright holds that bail can be granted pre-certification where there are "special circumstances" but that the Court did not "purport to extend its holding to the post-certification extradition stages." (Id.) I disagree. While Wright itself was a case of pre-hearing confinement, the Court "suggested the same reasoning governs pre-certification and post-certification bail requests . . . ." Benov, 2009 WL 6498194, at *5 n.23; see also United States v. Williams, 611 F.2d 914, 914 (1st Cir. 1979) ("[T]he Court ruled [that the fact that Wright v. Henkel was a case of pre-hearing confinement] did not distinguish it from post-hearing bail applications." (citations omitted)).

In Wright, a United States citizen requested and was denied release on bail prior to his extradition hearing because the extradition commissioner found that "no power existed for admitting petitioner to bail[.]"[4] Wright, 190 U.S. at 43. Although the Court affirmed the denial

---

[4] The United Kingdom had requested Wright's extradition. Wright, 190 U.S. at 41. In support of his application for bail, Wright filed an affidavit of his attending physician, "which was to the effect that petitioner was suffering from bronchitis and a severe chill, which might
(continued...)

-4-

of bail in that case because it was "clearly of opinion, *on this record*, that no error was committed in refusing to admit bail[,]" id. at 63 (emphasis added), it took issue with the original grounds for the refusal—want of power. In evaluating whether such power existed, the Court first noted a lack of statutory authorization for bail in international extradition cases and then found that release on bond after the extradition hearing would be inconsistent with the text of the precursor to section 3184, which contained the same "shall issue" and "there to remain" language. See Wright, 190 U.S. at 62.[5] Second, the Court enumerated policy reasons for this language and against release on bail post-certification, namely that the obligation to return the extraditee "might be impossible to fulfil if release on bail were permitted."[6] Id. Most important for the purposes of the present motion, however, is that before stating that it was unwilling to hold that courts possess no power in respect to admitting to bail, it stated that the "same reasons which induced the language used in the statute would seem generally applicable to release pending examination." Id. In other words, "Wright drew no analytical distinction between pre- and post-

---

[4](...continued)
develop into pneumonia, and that the confinement tended greatly to injure his health . . . ." Id. at 43.

[5] The Court stated that "[n]ot only is there no statute providing for admission to bail in cases of foreign extradition but § 5270 of the Revised Statutes (U.S. Comp. Stat. 1901, p. 3591) [the precursor statute] is inconsistent with its allowance after committal, for it is there provided that, if he finds the evidence sufficient, the commissioner or judge 'shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender be made.'" Wright, 190 U.S. at 62.

[6] According to the Court, "[t]he demanding government, when it has done all that the treaty and the law require it to do, is entitled to the delivery of the accused on the issue of the proper warrant, and other government is under obligation to make the surrender; an obligation that might be impossible to fulfil if release on bail were permitted. The enforcement of the bond, if forfeited, would hardly meet the international demand; and the regaining of the custody of the accused obviously would be surrounded with serious embarrassment." Wright, 190 U.S. at 62.

certification bail applications; in analyzing the appellant's pre-certification bail request, it applied the same statutory language on which [the government] relies here." Benov, 2009 WL 6498194, at *5 n.23. The government has not cited any cases to support its reading of Wright.

    C. Wright's Progeny

To the contrary, as the government itself acknowledges (see Mot. for Remand at 3), courts—including those within this circuit—have not drawn any distinction between pre- and post- certification bail applications and have time and again considered bail requests after a judicial finding of extraditability. See Yau-Leung v. Soscia, 649 F.2d 914, 920 (2d Cir. 1981) (reversing the district court's granting of habeas relief to an extraditee post-certification but affirming the extraditee's release on bail); Duca v. United States, No. CV–95–713, 1995 WL 428636, at *15–16 (E.D.N.Y. July 7, 2005) (denying bond post-certification but not questioning the court's authority to grant it if special circumstances were present); see also United States v. Salerno, 878 F.2d 317, 317 (9th Cir. 1989) (applying special circumstances test to a bail application following the issuance of a certificate of extraditability and pending appeal of a habeas petition); United States v. Williams, 611 F.2d 914, 914 (1st Cir. 1979) ("The district court erred in limiting the 'special circumstances' rule to post-hearing bail applications."). Moreover, two district courts have considered and rejected the statutory argument that the government makes in this case. See Benov 2009 WL 6498194, at *5 n.23; Wroclawski v. United States, 634 F. Supp. 2d 1003, 1005 (D. Ariz. 2009). In short, it is well-settled that although there is a presumption against granting bail in an international extradition case, an extraditee may be granted bail—both before or after certification of extraditabilty—upon a showing of special

circumstances.[7]

As detailed in my June 7, 2011 Memorandum and Order, Kapoor "demonstrated a confluence of factors, including a lack of diplomatic necessity and anticipated lengthy proceedings and appeals, that collectively constitute special circumstances, undercut the presumption against bail, and weigh[ed] in favor of her release [on bond]." (Memorandum and Order, dated June 7, 2011, at 10.) The government has not argued, let alone established, that the factors the court identified in its earlier decision are no longer present. In addition, Kapoor has complied with her conditions of release for the past year and thus poses no evident risk of flight.

## Conclusion

For the reasons stated above, the government's motion for revocation of Kapoor's bond is denied.[8]

SO ORDERED.

Dated: Brooklyn, New York
       June 22, 2012

/s/
ROBERT M. LEVY
United States Magistrate Judge

---

[7] It is unnecessary for the court to evaluate the government's argument that Federal Rule of Appellate Procedure 23(b)(3) does not override section 3184 because, as detailed above, Wright and its progeny make clear that there is a federal common law right to bail.

[8] The government also requests that the court issue a proposed certification of extraditability and direct the Clerk of the Court to send a certified copy of it along with the court's April 17, 2012 Memorandum and Order to the Office of the Legal Advisor for the United States Department of State. (See Mot. for Remand at 1.) As Kapoor has not objected to the request, apart from asking for a two-week stay of certification—a request that is now moot—the request is granted.